The Chief Justice
delivered the opinion.
The commonwealth having obtained a judgment upon a sheriff’s^bond against Robt. Higgins, former sheriff of Clark countv, aod John Slader and William Higgins, bis securities; afterwards sued out a scire facias, suggesting the death of Slader, against the plaintiffs in error, as his heirs, and judgment was taken against them by default, awarding execution against them generally, and not of the assets descended, nor of tiie lands which belonged to their ancestor, when the judgment was rendered against him, or at any time thereafter. To reverse the judgment against them, upon the scire facias, the plaintiffs in error havs brought the case In this court. .
Tim judgment having been rendered generally against the plaintiffs in error, binds them personally and in their own right to satisfy it. In this respect we think the judg- *408 mcnt erroneous. Most indisputably, the judgment cannot sus,a't'íd i»pon the principles of the common law. The heir might, no doubt,. he sued at common law upon the obligation of his ancestor, .in which be was expressly ^out|d; and in. such suit, if he plead falsely, or failed to confess assets, the judgment «right, be rendered against him .generally; but if a judgment were obtained against the ancestor in iris life, time, the obligation , became thereby ex-tipguished.aod the heir, not being named in the judgment, was.not bpund by. it, and no,action coújd be, maintained, a* S»inst bim.thereon, nor bis interest be otherwise affected bv it. For at common law, no part of the lands could be taken in execution on a judgment against the ancestor himself; it being by the statute of' Westminster the 2d'the wr*t elegit was given, in virtue of which a moiety of the lands might he taken and delivered to the plaintiff. By that statute, however, the lands were barred from the time re ,dering the judgment, arid a moiety thereof was liable to be executed into whose hands soever they should thereafter come. If, therefore, a judgment was obtained against a man W|m afterward* died, a scire facias would lie against - , . , . ,. . , ■_ . , , the heir, to have execution of a moiety ol the lands in bis hands which belonged to the ancestorwhen the judgment ,vas rendered; but it would be against him, not as heir, but as lertenant, for it would equally be against any other tenant of the land; and it was still held that an action of debt w0Ujd not lie against the heir upon the judgment as it wou^ uPon the obligation of the ancestor. Nor in a scire facias against him upon the judgment, if be piead falsely or /aiicd to confess assets, could the judgment for execution be him 1 Sound Rep 1, note 4.
Where ⅞11⅝-«gainst* tile*1 ancestor, the heir, at com-",0"¡^' 'yss thí¡’ he was liable to suit ont.the.°b.li; wss°express^ fj bound,and if he piead faded5,to con-less «seis, the j idsm’t. gainst ⅛*' individually
By tbesta-tute of «Vest-minster, an elegit was given to ex-land ^a'V' a sci fa would lie against the heir, bui ’proutiTlteT gainst Inm as terter ant,not
of Virginia, 17>-7, ail the public°default er & his ser unties,are jubjecttocx-they are lía-hie in the hands of the same propow tion, bu! ii is ns corten.ml, Itiir. **.'
.Thus the law stood .until the fall session of HS?. when the Virginia legislature passed the act lor the more speedy of debts due to the commonwealth,
That act provides, “that lands and tenements shall and may, by virtue of . writs of fie ri facias, be taken and sold in salisfaeliejn of all judgments hereafter obtained, on behalf of the common wealth, against any sheriff, coroner, or other public collector, or against his or their security or secu~ pj⅛ jes.7J
' This question has produced, in the cases in which it op-erases, a great change in the law, in making the whole of she lands of the sheriff and his securities liable tothejudg-Blent instead of a moiety, and-in giving a fien facias instead *409 of an elegit. And we suppose it results, as a necessary xoBsequence, that on a judgment against the sheriff and bis securities, the lands of either would be liable in the hands of his heir, to the same extent, and in the same mode, as they were in the hands of the ancestor- But we apprehend the proceedings against the heir must be had against him as tertenant, and not as heir; for the act no where provides any remedy against the heir; and in fact it' purports to operate upon the lands of the ancestor only, and not to create any personal obligation upon the heir. We infer, therefore, that an action of debt would not, under the provisions of that act, lie against the heir upon the judgment against the ancestor in his life time, and thereupon, a scire facias against the heir, the execution could only be awarded the lands of the ancestor.
Tj,eaet ¾ 17⅜⅜ 81⅛.’ jecimy ⅛⅛ 10 emends the" 'Ability too® pt'ffpTunite 'he heir with theexecuiorj di'thts' rct must be a-g»;nsthim as tmenm?
But as the of 1798 ;n ro<lures, *■ [^mustTe^ strictly pur-to S where he was not be-fofe liable, • Í^T^st'^him- and tbe ert &c must be proceeded a-g^nst singly Itawe betora tbeibtitu/
The law upon the subject, however, has undergone Still further change by tbe act of the legislature of this state, of 1798, subjecting lands to the payment of debts, That act extends the provisions of the act of 1787, to aU judgments, and the more completely to effectuate its it provides, that such actions as will lie against the executor or administrator, may be brought jointly against them and the heir.
As the executors or administrators are liable to be sued by a scire facias, or by an action of debt upon a judgment against the testatbr or intestate in his life time, it is obvious that the heir is liable under the provisions of this act, to be jointly sued with them, and when proceeded against in that manner there is no doubt that it must be arid not as tertenant. But the act being introductive of a netv remedy it can be pursued only in the manner which the act has prescribed, and of course to render the heir liable as heir, where be was not so liable before the pass«ge of the act, the action must be brought jointly against bim and the administrator or executor.
lt results therefore, that when an action is brought against the heir alone, in a case in which he was not before liabie to be so proceeded against, any judgment, whether general or for the assets descended, would be erroneous, but if it be brought in a casein which, before tbe oi the act in question, be might hr proceeded against alone, the judgment may be stilt eoiered against him as ,U for-merlv might have bees. For the act being in the affirtna- *410 (¡ve, the remedy given by it is cumulative and that to which Pa|,ty was before entitled is not taken away.
/Vhereasci & is brought mentJagaLit s'everal to re T®re «gainst the defendants must be made defts. in the sci. fa-
Bibb for plaintiff, Litlell for defendant.
The commonwealth therefore had an election in this case to sue Out the seire facias against the heirs and person* al representatives jointly, or against the heirs only, but having adopted the latter alternative she must proceed a* gainst the heirs as terteoanfs as she might have done be* fore the passage of the act, in which case as we have already seen, the judgment could noLbe taken against them generally and consequently the judgment having been so entered in this case is erroneous,
We are also of opinion that the scire facias was errone-ol|S]y sne(| out against the heirs of Holder without joining the other defendants in the judgment; for it is well settled that in a scire facias against the heirs of one of several defendants, against whom a judgment has been obtained, the other defendants must be joined. 2 Salk. 598.
In such a case the scire facias should be against the survivors, to shew cause why the plaintiff should not have cxecU(¡on against them of their estate generally, and against the heirs and terlenants of the deceased defendant, to shew why the plaintiff should not have execution against them of the lands of the deceased. 2 Tidd. Frac, 1007.
The judgment must therefore be reversed and the cause be remanded that the scire facias may be quashed.